UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RICHARD ABBOTT, MICHAEL FOX, TIMOTHY HENRICKSEN, EDGAR HERMANSEN, NEAL IRONS, JERRY LUCAS, RAFAEL LOPEZ, STEVEN MIER, GYANENDRA MUNI, BRADLEY PRICE, LARRY SARTAIN, DENNIS TAYLOR, JR., RICHARD VAN ITERSON, and ADAM WADE,

Plaintiffs,

v.

HEARTLAND AUTOMOTIVE SERVICE, INC., d/b/a JIFFY LUBE,

Defendant.

Case No. C06-5065 RJB

**ORDER GRANTING FINAL APPROVAL OF SETTLEMENT AND FINAL JUDGMENT**

This matter comes before the Court on the parties' Joint Motion for Final Approval of Settlement. Dkt. 20. The Court has considered the pleadings filed in support the Motion and the file herein.

**I.   PROCEDURAL AND FACTUAL HISTORY**

This matter was brought under the Fair Labor Standards Act ("FLSA") 29 U.S.C. § 201 *et. seq.* for unpaid overtime compensation. Dkt. 1. Plaintiff's allege that Defendant improperly classified them as executives, and thus as exempt from the FLSA overtime compensation requirements. Dkt. 21. Defendant argues that Plaintiffs were properly classified as exempt and therefore no overtime compensation is due. *Id*.

This case was originally brought as a conditionally certified class action in *Smith et. al. v.*

ORDER
Page - 1

Case 3:06-cv-05065-RJB   Document 25   Filed 09/19/06   Page 2 of 5

*Heartland Automotive Services, Inc.*, 04-CV-01430 (D. Minn.).  After discovery, the case was decertified on December 12, 2005, resulting in the filing of thirteen other cases in various courts.  *Id.*

Parties now move this Court to approve a global settlement of Plaintiffs' claims.  Dkt. 20.

## II.   DISCUSSION

The FLSA was enacted to protect workers from substandard wages and oppressive working hours.  *Barrentine v. Arkansas-Best Freight System, Inc.,* 450 U.S. 728, 739 (1981).  "Recognizing that there are often great inequalities in bargaining power between employers and employees, Congress made the FLSA's provisions mandatory; thus, the provisions are not subject to negotiation or bargaining between employers and employees." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352 (11th Cir. 1982).

"There are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees."  *Id*.  First, the FLSA permits the Secretary of Labor to supervise payment of back wage claims.  *Id*.  Second, "[w]hen employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness."  *Id*. at 1353 (*citing Schulte, Inc. v. Gangi*, 328 U.S. 108, n.8 (1945)).

Parties do not cite, and this Court is not aware, of a case in which the Ninth Circuit has addressed approval of a settlement under the FLSA, or how to determine whether a settlement under the FLSA is fair.  Other courts have adopted the factors used in approving the settlement of class actions in determining whether a settlement under the FLSA is fair.  *See e.g. Carey v. Space Coast Quality Lawn Maintenance & Landscaping*, 2006 WL 1883443 (M.D. Fla.)(*slip opinion*).  Considering the facts of this case, this is a reasonable approach.

The factors used in the Ninth Circuit to determine whether a class action settlement is "fundamentally fair, adequate, and reasonable" include assessing: 1) the strength of the plaintiffs' case 2) the risk, expense, complexity, and likely duration of further litigation, 3) the risk of maintaining a class action status throughout the trial, 4) the amount offered in settlement; 5) the extent of discovery completed and the stage of the proceedings, 6)  the experience and views of counsel, 7) and the reaction of the class members to the proposed settlement.  *In re Mego Financial Corp.*, 213 F.3d 454,

ORDER
Page - 2

458 (9th Cir. 2000)(*internal citations omitted*). "In addition, the settlement may not be the product of collusion among the negotiating parties. *Id.*

### A. STRENGTH OF PLAINTIFF'S CASE

The strength of Plaintiff's case indicates that this is a fair settlement of this dispute. Parties are engaged in a bona-fide dispute concerning Plaintiffs' classification as executive exempt employees under the FLSA. Dkt. 1. Parties note that in light of the recent court decision in *Addison v. Ashland, Inc.,* No. Civ. 04-40085, 2006 WL 752761 (E.D. Mich. March 23, 2006) Plaintiffs "may have faced considerable hurdles in establishing that their primary duty was not management." Dkt. 21, at 5. Parties also note that on a motion for summary judgment, the Court in *Smith*, the original conditionally certified class action, held that there was no evidence in the record of willfulness on the part of Defendant, so the FLSA's two year statute of limitations applied. Dkt. 21, at 4.

### B. THE RISK, EXPENSE, COMPLEXITY, AND LIKELY DURATION OF FURTHER LITIGATION

The risk, expense, complexity, and likely duration of further litigation also indicates that this is a fair settlement of this dispute. Parties argue that in the absence of this global settlement, the expense and complexity of this litigation would be a heavy burden for both sides, particularly in light of the fact that these cases are pending in twelve different courts. Dkt. 21, at 5. Trial for this case alone was estimated to take at least twenty days. Dkt. 16. This factor weighs in favor of the settlement.

### C. SETTLEMENT AMOUNT, EXTENT OF DISCOVERY COMPLETED AND STAGE OF PROCEEDINGS

The settlement amount, extent of discovery completed, and stage of proceedings weighs in favor of the fairness of the settlement. The settlement provides that the maximum sum that Defendant must pay to resolve all claims in this court action is "$62,844.69 ("Maximum Payment"). The Maximum Payment shall include: payments to [Plaintiffs], attorneys' fees, costs and expenses of Plaintiffs' Counsel . . . ." Dkt. 24-2, at 7. This amount is reasonable in light of the strength of Plaintiffs' case. The extent of discovery completed and stage of the proceedings also weighs in favor of the settlement being fair. Parties state that they have actively participated in discovery for the past year and a half, including taking the depositions of several of the Plaintiffs in this case. Dkt. 21, at 5. Parties are then aware of the relative strengths and weaknesses of their positions and can make

informed decisions about settlement.

### D. VIEWS OF COUNSEL AND REACTION OF PLAINTIFFS

The views of counsel and reaction of Plaintiffs weigh in favor of the settlement. Counsel for all parties indicate that they have reason to believe that this global "settlement is a fair, reasonable, and adequate resolution to the claims presented in this case." Dkt. 21, at 5. Plaintiffs have all, with the exception of Abbott, returned executed a Settlement Approval and Release of Claims Form, with Notice of Settlement. Dkt. 24-1, at 2. Counsel for Plaintiffs state that they attempted to contact Mr. Abbott on numerous occasions to remind him of the deadline to return his release form. *Id*., at 2-3. Counsel states that despite these attempts, he did not timely return the release form. *Id*. There is no evidence in the record that the settlement is the "product of collusion among the negotiating parties."

### E. CONCLUSION

This settlement is a fair resolution of the parties' bonafide dispute under the FLSA. This settlement should be approved. Plaintiff's claims should be dismissed with prejudice.

The Joint Stipulation of Settlement and Release provides that settlement payments will be distributed by Plaintiff's Counsel after the date the time to appeal or seek permission to appeal has expired or if an appeal has been sought, after the date of final judicial review. Dkt. 24-2, at 10-11. It further provides that "Plaintiff's Counsel will file proof of payment with the Court." *Id.* at 11. Accordingly, this matter should be renoted for November 3, 2006, in order to check the status of the disbursal of the settlement funds.

### III. ORDER

Therefore, it is hereby:

**ORDERED** that the parties' Joint Motion for Final Approval of Settlement (Dkt. 20) is **GRANTED**, Plaintiffs' claims are **DISMISSED WITH PREJUDICE**. This matter is **RE-NOTED** for November 3, 2006, in order to check the status of the disbursement of the settlement funds.

The Clerk of the Court is instructed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

1   DATED this 19th day of September, 2006.

Robert J. Bryan
United States District Judge

ORDER
Page - 5